

U.S. Department of Justice

**Michael J. Sullivan**
United States Attorney
District of Massachusetts

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

January 14, 2003

Leo Sorokin, Esq.
Federal Defender Office
408 Atlantic Avenue
Boston, MA 02110

    Re: Jennifer Marie Shurts

Dear Mr. Sorokin:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Jennifer Marie Shurts ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    Change of Plea

    At the earliest practicable date but in no event later than January 16, 2003, Defendant shall plead guilty to an Information captioned, United States v. Jennifer Marie Shurts, charging her with two counts of violating the wire fraud statute, 18 U.S.C. § 1343. Defendant expressly and unequivocally admits that she in fact knowingly, intentionally and willfully committed the crimes charged in the Information and is in fact guilty of those offenses.

    2.    Penalties

    Defendant faces the following maximum penalties: 20 years incarceration and a fine of $250,000 on each count, 3 years supervised release, $200 special assessment, and restitution.

3. <u>Sentencing Guidelines</u>

The parties agree that:

    (a)    Under U.S.S.G. § 2B1.1 (November 2002 edition), is 6;

    (b)    The amount of loss attributable to the defendant under U.S.S.G. § 2B1.1 is $70,829.49.

    (c)    The parties agree that there are no applicable sentencing enhancements.

    (d)    The government reserves the right to argue that the defendant is not entitled to an acceptance-of-responsibility adjustment pursuant to U.S.S.G. § 3E1.1. The defendant reserves the right to argue to the contrary that she is entitled to the adjustment.

4. <u>Sentence Recommendation</u>

The U.S. Attorney and the Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, except that the Defendant may move for a downward departure on the ground of "Diminished Capacity" under U.S.S.G. § 5K2.13. Other than on this sole ground, neither the government nor the Defendant will seek a departure on any ground from the applicable sentencing range.

The government reserves the right to oppose the Defendant's motion for downward departure. In order to provide the government an adequate opportunity to respond to such a motion and to assist the Court in its determination of her mental condition, the Defendant agrees to provide the government with any expert report on her mental condition no later than forty-five day prior to her sentencing hearing. The defendant further agrees not to oppose (1) the government's request that the Court order an outpatient psychiatric or psychological examination of her pursuant to 18 U.S.C. §3552 or (2) any motion to continue the defendant's sentencing for as long as reasonably necessary to allow the government to conduct such an examination and prepare its response to the defendant's motion for downward departure.

If the Court determines that the defendant's applicable sentencing range is in Zone C or Zone D of the guidelines, the government will recommend that the Court sentence the defendant at the low end of the range.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it. In addition, the defendant waives any objections as to venue or the court's jurisdiction over all or part of this matter.

5.  Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court, on or before the date of her sentencing, that she is financially unable to do so.

6.  Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which she has an interest without prior express written consent of the U.S. Attorney, except for:

(1)  Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $1,000;

(2)  Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom she owes a legal duty of support, so long as such assets do not exceed $1,000 per month; and

(3)  Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine or restitution ordered by the Court at sentencing are satisfied in full.

Defendant further agrees that, prior to sentencing, she will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7.  Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant is aware that she has the right to challenge her sentence and guilty plea on direct appeal. Defendant is also aware that she may, in some circumstances, be able to argue that her plea should be set aside, or her sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives her right to appeal or collaterally challenge:

(1)  Defendant's guilty plea and any other aspect of Defendant's conviction,

3

including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

(2) The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which will be advocated by the U.S. Attorney with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines; and

(3) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the U.S. Attorney or Defendant with regard to the application of the U.S. Sentencing Guidelines.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant agrees not to seek to be sentenced or re-sentenced with the benefit of any successful collateral challenge of any counseled criminal conviction that exists as of the date of this Agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

Defendant's waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the District Court misunderstood the scope of its authority to depart from the applicable Sentencing Guidelines range, where the District Court states on the record at sentencing both its desire to depart and the basis on which it would depart if it had the legal authority to do so.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains her appeal rights.

8.   Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw her plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge

declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning her assets.

10. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of her conduct and her plea of guilty to the charges specified in paragraph one of this Agreement.

11. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

12. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by her, and any information, materials, documents or objects which may be provided by her to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

13. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and

5

cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14.   Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Jonathan F. Mitchell.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
JAMES B. FARMER
Assistant U.S. Attorney
Chief, Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief, Criminal Division

JONATHAN F. MITCHELL
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Jennifer Marie Shurts
Defendant

Date: 3/1/04

I certify that Jennifer Marie Shurts has read this Agreement and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Leo Sorokin, Esq.
Attorney for Defendant

Date: 3/1/04